UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DEBRA FRASSRAND,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY; HOME DEPOT WELFARE
BENEFITS PLAN; and HOME DEPOT
U.S.A., INC.,

    Defendants.

No. 1:07-CV-222
*Mattice / Lee*

## REPORT and RECOMMENDATION

Before the Court is the motion of Plaintiff Debra Frassrand for an award of attorney's fees, in the amount of $18,733.00, pursuant to section 502(g)(1) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(1) [Doc. 35]. Defendants Metropolitan Life Insurance Company ("MetLife"), Home Depot Welfare Benefits Plan (the "Plan") and Home Depot U.S.A. Inc. oppose Plaintiff's motion. The motion, which is now fully briefed and supported by a declaration and affidavit [Doc. 36, 37, 38, 39, 41 & 44], has been referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(a) [Doc. 4]. For the reasons set forth herein, I **RECOMMEND** that Plaintiff's motion for attorney's fees be **GRANTED IN PART and DENIED IN PART** and Plaintiff be awarded attorney's fees in the amount of $ 9,366.50.

**I.**     **Background**

Plaintiff brought this action against Defendants under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), seeking a review of MetLife's termination of Plaintiff's long-term disability benefits under the Plan. The parties filed cross-motions for judgment on the ERISA administrative

record. Plaintiff asserted MetLife made arbitrary and capricious determinations that: (1) she was not eligible to receive long-term disability benefits beyond 24 months under the Plan as a result of a disability due to a disease or disorder of the spine or extremities and their surrounding soft tissue, *i.e.*, her radiculopathy claim, and (2) she was not eligible to receive long-term disability benefits under the Plan as a result of disability due to an alleged bipolar disorder. MetLife asserted its termination of Plaintiff's long-term disability benefits was proper and based on substantial evidence. The Court found MetLife's bipolar disorder determination was not arbitrary and capricious under the Plan, but that its radiculopathy determination was arbitrary and capricious under the Plan. Thus, the Court remanded this matter to MetLife for a full and fair determination of Plaintiff's claim for long-term disability benefits.

In support of her motion for attorney's fees, Plaintiff has filed a declaration of attorney Scott Wilson ("Wilson") [Doc. 37] and an affidavit of attorney Eric Buchanan ("Buchanan") [Doc. 38]. Wilson's declaration sets forth his qualifications and incorporates time sheets which itemize: (1) 57.4 hours of attorney time by Wilson at a rate of $295.00 per hour, for a total of $16,933.00; (2) 20 hours of paralegal time at a rate of $90.00 per hour, for a total of $1,800; (3) for a total of $18,733 in claimed legal fees. Buchanan's affidavit essentially states the fees charged are reasonable, an issue that does not appear to be in controversy.[1]

---

[1] Although Defendants assert the amount of attorney's fees, if any, awarded to Plaintiff under 29 U.S.C. § 1132(g)(1) should be reduced by a minimum of 50% because Plaintiff succeeded, at best, on only one of the two claims she brought before the Court, they have not challenged the reasonableness of the time spent or the hourly rates claimed by Plaintiff's attorney or presented any contradictory evidence with respect to the reasonableness of the amount of fees claimed for work on the total case.

**II.     Analysis**

Plaintiff asserts that she is entitled to attorney's fees under section 502(g)(1), 29 U.S.C. § 1132(g)(1), based upon the Court's judgment remanding her claim for long-term disability benefits to MetLife under the five-factor test set forth in *Schwartz v. Grigori*, 160 F.3d 1116, 1119 (6th Cir. 1998), and that the total amount of attorney's fees she has requested constitutes a reasonable fee within the meaning of 29 U.S.C. § 1132(g)(1).  Defendants assert that, although the Court remanded Plaintiff's radiculopathy claim to MetLife for further consideration, Plaintiff is not entitled to an award of attorney's fees because: (1) the Court also found MetLife's bipolar disorder determination was not arbitrary and capricious; (2) Plaintiff was the losing party on one of the two claims she asserted; (3) Plaintiff has not yet been awarded any long-term disability benefits on her remanded claim; (4) and the five-factor test weighs against an award of fees.  Defendants also assert, in the alternative, that if this Court determines an award of attorney's fees is proper, then Plaintiff should be awarded no more than 50% of the requested fees because she did not prevail on her bipolar disorder claim.

    **A.     Entitlement to Attorney's Fees**

Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), provides: "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  In exercising its discretion under § 1132(g)(1), the Sixth Circuit requires a district court to consider the following five factors in determining whether attorney's fees will be awarded:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer

3

>    a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Schwartz*, 160 F.3d at 1119 (citing *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985)).  As "no single factor is determinative, the court must consider each factor before exercising its discretion." *Id.* (citing *Wells v. United States Steel*, 76 F.3d 731, 736 (6th Cir.1996)).

### B.    Prevailing Party

As noted, MetLife asserts Plaintiff must be and cannot be considered a "prevailing" party who has succeeded on the merits because she was the "losing" party on one of the two claims she asserted against Defendants – her bipolar disorder claim – and, although she succeeded in obtaining a remand of her radiculopathy claim, she has not yet been awarded any continuation of her long-term disability benefits upon this claim.  Clearly, Plaintiff did not prevail on her argument that MetLife's bipolar disorder determination was arbitrary and capricious.  A remaining issue is whether Plaintiff prevailed on her radiculopathy claim by obtaining a remand for a full and fair consideration where no benefits have yet been awarded.  A threshold question is whether Plaintiff must be deemed a prevailing party to be awarded attorney's fees under ERISA.  The parties provided no Sixth Circuit precedent on this topic and no definitive ruling by the Sixth Circuit on this issue was located by the Court.  There are, however, decisions of the courts supporting opposing positions with respect to the issue of whether a plaintiff who obtains a remand may be awarded attorney's fees under ERISA.

In *Soltysiak v. Unum Provident Corp.*, 480 F. Supp. 2d 970 (W.D. Mich. 2007), the court agreed that a plaintiff who had obtained a reversal of the defendant's denial of ERISA benefits and a remand requiring the defendant to conduct a full and fair review of the plaintiff's disability claim was entitled to an award of attorney's fees under 29 U.S.C. § 1132(g)(1), if the balance of the five

4

factors set forth in *Schwartz* favored an award. *Id.* at 974. In reaching its decision, the court found the ERISA attorney's fee provision, 29 U.S.C. § 1132(g)(1), did not limit an award of attorney's fees to a prevailing party, but provided a court may allow a reasonable attorney's fee to either party "in its discretion." *Id.* (quoting 29 U.S.C. § 1132(g)(1)).

Similarly, in *Elliott v. Metropolitan Life Ins. Co.*, No. CIV.A.04-174-DLB, 2007 WL 1558519 (E.D. Ky. May 29, 2007), the court awarded attorney's fees under 29 U.S.C. § 1132(g)(1), in an action where the case was reversed and remanded to the ERISA plan administrator for further review, after the court found the five factors set forth in *Schwartz* weighed in favor of such an award. *Id.* at *1-5. The court noted the prevailing-party approach was not the sole factor considered by the Sixth Circuit in deciding whether a court had abused its discretion in awarding attorney's fees under 29 U.S.C. § 1132(g)(1), but instead utilized the five factor balancing test set forth in *Schwartz*. *Id.* at *2.

In *Platt v. Walgreen Income Protection Plan for Store Managers*, No. 3:05-0162, 2006 WL 3694580 (M.D. Tenn. Dec. 14, 2006), the court reversed MetLife's decision to terminate the plaintiff's long-term disability benefits under the ERISA plan and remanded for an independent medical examination and/or a functional capacity evaluation of the plaintiff. *Id.* at *1. In so doing, the court found "a close question was presented," but determined the decision by defendant to terminate the plaintiff's long-term disability benefits was arbitrary and capricious. *Id.* With regard to the plaintiff's motion for attorney's fees under § 1132(g)(1), the court applied the *Schwartz* factors and determined the motion was premature because the possibility remained that after the independent medical examination and/or functional capacity evaluation MetLife might determine plaintiff was not entitled to long-term disability benefits. *Id.* at *2. The court, therefore, denied

5

plaintiff's motion without prejudice to her right to refile it if she ultimately prevailed on her claim for long-term disability benefits. *Id.*

This Court also recently addressed the issue of whether a party must be deemed a prevailing party to be awarded attorney's fees under 29 U.S.C. § 1132(g)(1) in *McKay v. Reliance Standard Life Ins. Co.*, No. 1:06-CV-267, 2009 WL 537197 (E.D. Tenn. Mar. 3, 2009) (J. Collier). The Court noted there was a significant split of authority both between and within the various federal appellate circuit courts as to whether 29 U.S.C. § 1132(g)(1) requires a party to prevail in order to be entitled to an award of attorney's fees under the statute and noted the Sixth Circuit had not addressed the issue. *Id.* at *2-4. After reviewing the various splits of authority, the Court found the analysis in *Winpisinger v. Aurora Corp.*, 469 F. Supp. 782 (N.D. Ohio 1972), most persuasive. *McKay*, 2009 WL 537197 at *4. In *Winpisinger*, the court noted that 29 U.S.C. § 1132(g)(1) differed markedly from other federal attorney's fee statutes that restricted the award of attorney's fees by the court to the prevailing party because § 1132(g)(1) gave the court discretion to allow a reasonable attorney's fee to "either party." *Winpisinger*, 469 F. Supp. at 785 (quoting 29 U.S.C. § 1132(g)). Relying on the analysis in *Winpisinger*, this Court noted that Congress knew how to restrict fees to the prevailing party when it intended to do so because it had enacted numerous other fee statutes which expressly limited an award of fees to the prevailing party. *McKay*, 2009 WL 537197 at *4 (citing 42 U.S.C. § 1988(b); 7 U.S.C. § 499g(b); 7 U.S.C. § 210(f)). Thus, in interpreting 29 U.S.C. § 1132(g)(1), the Court presumed "Congress intended to omit a prevailing party requirement from the ERISA attorney's fee statute." *Id.* at *5. With regard to the issues presented in *McKay*, the Court stated:

> While Plaintiff has not experienced ultimate success in the sense of
> winning his benefits claim against the Defendant, he has received

> another shot at those benefits by achieving a remand. "[P]laintiffs may be considered 'prevailing parties' for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983); *accord Deja Vu v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005). . . Plaintiff is not a "loser" in any sense; even if he ultimately is ineligible for benefits, he has still seen success on the merits because his case was remanded for further consideration . . . The Court finds, therefore, that § 1132(g)(1) does not require Plaintiff to be a prevailing party, and even if it did, Plaintiff has achieved some degree of success such that an award of fees could be . . . reasonable.

*Id.* The Court then applied the five-factor *Schwartz* test to determine the merits of the attorney's fee petition. *Id.*

Thus, I **FIND** Plaintiff need not be a prevailing party to be awarded attorney's fees under 29 U.S.C. § 1132(g)(1). However, even if the Court determines Plaintiff must be a prevailing party under § 1132(g)(1) in order to be awarded attorney's fees, as to the aspect of her claim that MetLife was arbitrary and capricious in determining she was did not suffer from radiculopathy, Plaintiff is a prevailing party because she has obtained a remand and has another opportunity to be awarded a continuation of her long-term disability benefits.[2]

### C. Application of the *Schwartz* Five-Factor Test

#### 1. Degree of opposing party's culpability or bad faith

Defendants assert the Court did not find bad faith or culpability on the part of MetLife relating to the denial of Plaintiff's claims to continuation of her long-term disability benefits. However, the Court found MetLife's determination that Plaintiff did not suffer from radiculopathy

---

[2] The situation in this action is readily distinguishable from the situation in *Platt*. In *Platt*, the district court declined to award benefits based upon its remand for further consideration of the plaintiff's claim for long-term disability benefits because, although it reversed the decision to terminate the plaintiff's long-term disability benefits and remanded for further consideration, it found "a close question." *Platt*, 2006 WL 3694580 at *1-2. In contrast, here the Court has not indicated its finding that MetLife was arbitrary and capricious when it determined Plaintiff did not suffer from radiculopathy was a close question.

7

was arbitrary and capricious because it was based on a review of the medical evidence, by a physician who did not have the opportunity to examine the Plaintiff himself, and who was not provided with, or did not have, all of the relevant medical evidence for his review. The Court found a significant degree of culpability on the part of MetLife regarding its determination Plaintiff did not suffer from radiculopathy as it reversed that determination as arbitrary and capricious and remanded the determination to MetLife for a full and fair determination. Contrary to MetLife's assertion, it is not necessary that the Court have found bad faith on the part of MetLife as there is a distinction between culpability and bad faith and this factor requires only culpability "or" bad faith. *Elliott*, 2007 WL 1558519 at *3. While there was no finding of bad faith on the part of MetLife, the Court's finding that MetLife's radiculopathy determination was arbitrary and capricious necessarily attributes some degree of culpability to Defendants. *Id.* Therefore, I **FIND** this factor weighs in favor of Plaintiff.

### 2. Opposing party's ability to satisfy a fee award

MetLife does not challenge Plaintiff's assertion that it is a large, nationwide insurance company with the capacity to satisfy a fee award. While "this factor is clearly not dispositive by itself and must be weighed alongside the remaining . . . factors in determining the merits" of Plaintiff's motion, *id.* at *3 (citing *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557-58 (6th Cir. 1987)), I **FIND** this factor weighs in Plaintiff's favor.

### 3. Deterrent effect of an award

The Court did not reverse MetLife's termination of Plaintiff's long-term disability benefits and order a continuation of those benefits, but instead remanded this matter to MetLife for further consideration, particularly as to MetLife's determination Plaintiff did not suffer from radiculopathy.

8

In *Elliott*, the Sixth Circuit did not award benefits to the plaintiff, but remanded the action to the administrator, MetLife, on the ground that MetLife's denial of benefits "was '"arbitrary and capricious" for want of a deliberate, principled reasoning process.'" *Id.* at *1 (quoting *Elliott v. Metropolitan Life Ins. Co.*, 473 F.3d 613, 622-23 (6th Cir. 2006)). Plaintiff filed a motion for attorney's fees under § 502(g)(1) of ERISA and MetLife challenged the plaintiff's entitlement to attorney's fees. *Id.* In analyzing this factor, the district court aptly stated:

> Even though the Sixth Circuit did not award benefits to Plaintiff, requiring a remand to the administrator is already a form of specific deterrence upon MetLife. Additionally, overcoming the arbitrary and capricious standard, which is rare indeed, provides a general deterrent effect to other insurance companies that the law will be enforced and that erroneous or incomplete decisions, and especially blind denials, will not be taken lightly. However, even with the inherent deterrent effect that comes with any plaintiff's ruling, there is also something to be said for the heightened deterrent effect resulting from a fee award. Companies would likely take a much closer look at denial decisions, and the presentation of that decision, if forced to take into account the possibility that fees will be awarded upon remand.

*Id.* at *3.

Likewise, and for the reasons stated in *Elliott* quoted above, I **FIND** an award of attorney's fees upon remand will have a deterrent effect upon MetLife and other plan administrators. Therefore, I **FIND** this factor weighs in favor of the Plaintiff.

### 4. Common benefit or significant legal question

Plaintiff concedes this action "is an individual claim for benefits relying on what is already settled law." [Doc. 36 at 6]. Plaintiff asserts, however, this case is significant because it will "ensure continued compliance with settled law." [*Id.*]. Even giving Plaintiff the benefit of the doubt and assuming *arguendo* this case may have some impact on Defendants' compliance with settled law in ERISA actions, Plaintiff's claims in this action admittedly sought only a private benefit and relied

9

on already settled law. Therefore, I **FIND** this factor weighs in favor of the Defendants and against Plaintiff.

### 5. Relative merits of the parties' positions

Not only was Plaintiff's position on the radiculopathy determination more meritorious than MetLife's position, but MetLife's decision making process on the issue was flawed as it chose to rely on an opinion rendered by a non-examining reviewer of Plaintiff's medical records who was not provided with all of the Plaintiff's relevant medical records. Therefore, I **FIND** this factor weighs in favor of the Plaintiff.

Having reviewed all of the *Schwartz* factors, I **FIND** that all of the factors, except the fourth factor, weigh in favor of awarding Plaintiff a reasonable attorney's fee. As the balance of the *Schwartz* factors weigh heavily in favor of Plaintiff, I **RECOMMEND** that Plaintiff's motion for attorney's fees under section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1) be **GRANTED**.

### D. Amount of Attorney's Fees

As noted, Plaintiff seeks a total award of $18,733.00 for: (1) 57.4 hours of attorney time at $295.00 per hour and (2) 20 hours of paralegal time at $90.00 hour. Defendants have not challenged the reasonableness of the number of hours of attorney or paralegal time or the hourly rate of compensation for such time, although they suggest, in the alternative, at most only 50% of the requested fee should be awarded to account for Plaintiff's lack of success on her bipolar disorder claim. The parties dispute whether Plaintiff brought merely one disability claim and asserted multiple reasons why MetLife's termination of her long-term disability benefits was arbitrary and capricious or instead brought two distinct and separate claims. Setting semantics aside, I **FIND** Plaintiff is entitled to one-half of the fees sought.

In *Christian v. Dupont-Waynesboro Health Care Coverage Plan*, 12 F. Supp. 2d 535 (W.D. Va. 1998), the plaintiff brought an action under ERISA: (1) for failure to issue a notice of denial of benefits specifying the reasons for the denial of benefits as provided for in 29 U.S.C. § 1133 and (2) for a declaratory judgment pursuant to 29 U.S.C. § 1132 that the medical treatment she had received was medically necessary as defined by the plan. *Id.* at 536. The district court found the notice of denial of benefits issues by the plan administrator failed to satisfy the requirements of 29 U.S.C. § 1133 – because it did not state specific reasons for denial of benefits written in a manner likely to be understood by the plan-participant-plaintiff – and the court remanded the matter to the plan administrator to address both the deficiency in the notice of denial of benefits and the plaintiff's claim for benefits. *Id.* The plaintiff then filed a motion seeking attorney's fees and costs under 29 U.S.C. § 1132(g)(1). The district court first determined the plaintiff was a prevailing party in the litigation, as required by precedent in the Fourth Circuit for an award of attorney's fees under 29 U.S.C. § 1132(g)(1). *Christian*, 12 F. Supp. 2d at 537 (citing *Martin v. Blue Cross & Blue Shield of Va.*, 115 F.3d 1201, 1210 (4th Cir. 1997)). The district court then applied the five-factor test used by the Fourth Circuit for an award of attorney's fees under ERISA, which is set forth in *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1030 (4th Cir. 1993) and is identical to the five-factor test used by the Sixth Circuit, and found an award of attorney's fees was justified under the *Quesinberry* factors**.** *Id.* at 537-38. The court found, however, that the plaintiff was not entitled to all of the attorney's fees she sought because she:

> was not successful on both claims she brought before the Court. She was successful only on the first count alleging that the defendant failed to provide proper notice of denial. She obtained a remand on the second count seeking a reversal of the plan's decision not to award the requested benefits. Given the plaintiff's success in relation to the relief sought, the court finds that she achieved one-half of the

11

> requested relief. Accordingly, [plaintiff] is entitled to one-half of her attorney's fees. See *Perlman v. Swiss Bank Corp.*, 990 F. Supp. 1039 (N.D. Ill. 1998) (finding that a plaintiff who was successful on only one of three aspects of relief sought was entitled to one-third of requested fees); *Stanton v. Larry Fowler Trucking, Inc.*, 863 F. Supp. 908 (E.D. Ark. 1994).

*Id.* at 538.

Similarly, in the instant matter, Plaintiff asserted two grounds for relief and succeeded on one of the asserted grounds.[3] Although Plaintiff asserts Defendants' contention her attorney's fees should be reduced because she did not prevail on every argument she raised is contrary to established precedent, the only case she cites in support of her argument, *Haitian Refugee Center v. Meese*, 791 F.2d 1489, 1599 (11th Cir. 1986), is inapposite. *Haitian Refugee Center* is not pertinent because it involved an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), not an award of attorneys fees under ERISA, 29 U.S.C. § 1132(g)(1). *Id.*, 791 F.2d at 1492. The EAJA involves an award of attorney's fees to prevailing parties in actions "brought by or against the United States." *Id.* at 1496 (quoting 28 U.S.C. § 2412(d)(1)(A)). Under the EAJA, fees may be awarded to a prevailing party unless the government shows that its position was substantially justified or that special circumstances make an award of attorney's fees unjust. *Id.* A court does not consider the *Schwartz* five-factor test in determining to award attorney's fees under the EAJA. In addition, the situation presented in *Haitian Refugee Center* is distinguishable from the instant situation as the Eleventh Circuit held the government's

---

[3] Considering Plaintiff's claim for long-term disability benefits stemming from her alleged bipolar disorder in isolation, and applying the five-factor test solely to that claim, four of the five *Schwartz* factors weigh against an award of attorney's fees. Only the second factor would weigh in favor of an award of attorney's fees as MetLife has essentially conceded it has the ability to satisfy a fee award. The remaining factors clearly weigh against an award of attorney's fees on Plaintiff's alleged bipolar disorder claim.

12

position was substantially justified as to counts one through three of the action, but not as to the remaining counts. The Eleventh Circuit noted that generally the government would be responsible only for the fees or expenses attributable to those counts related to its unjustified positions in the litigation. *Id.* at 1500 (citing *Goldhaber v. Foley*, 698 F.2d 193, 197 (3rd Cir. 1983). The Eleventh Circuit stated, however, that in the case before it:

> the issues raised in Counts One through Three involved the same factual bases as the remaining counts. Furthermore, the issues were intertwined with the remaining legal theories. In such cases the "lawsuit cannot be viewed as a series of discrete claims" as the attorneys should be fully compensated for their work on the case as a whole. *Hensely v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). Therefore, the district court did not abuse its discretion in awarding attorney's fees for the case as a whole.

*Id.*

In *Myers v. Bridgestone/Firestone Long-Term Disability Benefits Plan*, No. 4:03-CV-60, 2005 WL 1240603 (E.D. Tenn. Mar. 1, 2005) (J. Jarvis), the plaintiff brought an action under ERISA for: (1) the recovery of long-term disability benefits under 29 U.S.C. § 1132(A)(1)(B), (2) breach of fiduciary duties pursuant to 29 U.S.C. § 1104(a); (3) entitlement to penalties under 29 U.S.C. § 1132(c)(1); and (4) attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1). *Id.* at *1. The Court entered a judgment in favor of the plaintiff on her claim for benefits under § 1132(A)(1)(B), but dismissed plaintiff's claims for breach of fiduciary duties and statutory penalties. *Id.* The Court specifically found the defendants' decision to terminate the plaintiff's long-term disability benefits was arbitrary and capricious based upon the extensive medical records submitted by plaintiff indicating her crohn's disease disabled her from all employment. *Id.* at *5. The plaintiff's motion for attorney's fees and costs was granted in part and denied in part. *Id.* at *1. The

13

Court found plaintiff was entitled to a reasonable attorney's fee based upon the complete lack of medical evidence in the record supporting the decision to terminate plaintiff's long-term disability benefits. *Id.* The Court also found, however, the award of attorney's fees would not include amounts expended in pursuing claims upon which the plaintiff was unsuccessful. *Id.* at *6.

In this action, although the same legal standards applied to both claims, the determination of each of the Plaintiff's claims involved the application of those legal standards to separate and distinct sets of medical evidence – one relating to Plaintiff's physical condition, whether she suffered from radiculopathy, and one relating to her mental condition, whether she had presented evidence she suffered from bipolar disorder. Thus, although Plaintiff brought a single action, she asserted two discrete claims for relief, each having its own factual basis, and has prevailed in obtaining a remand based on only one of those claims.

No party presented any evidence to support an allocation of the requested fees between the radiculopathy and bipolar disorder claims based on an analysis of the work performed or time spent by Plaintiff's attorney on a particular claim. However, Plaintiff did not contest the Defendants' suggested allocation of 50% of the requested fee for the unsuccessful bipolar disorder claim other than to argue she was entitled to 100% of the requested fee. As it appears there is no dispute that one-half of the requested fee is properly allocated to work on the unsuccessful bipolar disorder claim, I **FIND** Plaintiff should be awarded one-half of her requested attorney's fees under 29 U.S.C. § 1132(g)(1), $9,336.50.

### III. Conclusion

For the reasons stated above, I **RECOMMEND**:[4]

  (1) Plaintiff's motion for attorney's fees [Doc. 35] be **GRANTED IN PART and DENIED IN PART**, and

  (2) Plaintiff be awarded attorney's fees in the amount of $ 9,366.50.

            s/*Susan K. Lee*
            SUSAN K. LEE
            UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).